IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA SWILLEY, individually and as next friend to her minor children,<br>　　Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY SCHOOL DISTRICT, et al.,<br>　　Defendants. | CIVIL ACTION NO.<br>1:14-CV-0026-WBH |

## ORDER

On January 8, 2014, [Doc. 4], after a review of the original complaint filed in this matter, this Court determined that the complaint was deficient because it asserted constitutional violations in conclusory fashion without adequate factual support and because, in classic "shotgun" fashion, it failed "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). As a result, this Court ordered Plaintiff to amend her complaint, and gave detailed instructions regarding how the complaint should appear. Notably, this Court mandated that the complaint present a concise, clear, chronological recounting of the facts that Plaintiff believes give rise to her claims for relief and noted that each of the factual summary and the legal claims section should be no more than ten pages long.

AO 72A
(Rev.8/82)

Plaintiff has now filed an amended complaint that comes nowhere close to complying with this Court's requirements.  First, at fifty-three pages, it is over forty pages longer than it needs to be and thirty pages longer than the limits set by the Court.  Next, while the complaint is ostensibly about problems that Plaintiff had with the officials at her child's elementary school, she dedicates a significant portion of her complaint to relating events that do not concern her.  From the complaint, we learned – among very many other things – that one parent, Jenny Houser, yelled profanities at another parent, Kataisha Gordon; that Kataisha Gordon was unavailable to hold a skate night pizza party because her child had an asthma attack; that high school students vandalized a high school; and that Ken Osifo got into trouble because he invited students to have cake.

Fatal to the complaint, however, is the fact this Court specifically instructed Plaintiff that, in the legal claims section of her complaint, she should

> set out the federal constitutional rights that she believes to have been violated by the above acts. For example, if a violation of her First Amendment rights is alleged, she should create a sub-section entitled "First Amendment Violation" and then number and list the incidents that she contends give rise to a violation of her constitutional rights. She should briefly describe the incident (no more than one sentence) and indicate the paragraph number where the incident was identified in the factual section.

[Doc. 4 at 3].

AO 72A
(Rev.8/82)

Instead of following those instructions, Plaintiff incorporated her entire complaint into each count she asserts. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions ."). Crafting a complaint in this manner fails the test of Fed. R. Civ. P. 8.

As Plaintiff has already been given an opportunity to properly assert her claims and because she utterly failed to follow this Court's instructions, the instant action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**, this 29th day of September, 2014.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)